

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00186-CV

Leticia R. **BENAVIDES**,
Appellant

v.

Shirley Hale **MATHIS**, as Temporary Guardian of the Estate of Carlos Y. Benavides, Jr., Carlos Y. Benavides III, Tomas Benavides and Ana B. Galo, as Co-Trustees of the Benavides Family Mineral Trust,
Appellees

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2012-CVQ-000427-D4
Honorable Oscar J Hale, Jr., Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Justice
              Rebeca C. Martinez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  November 6, 2013

MOTION TO DISMISS GRANTED; DISMISSED IN PART FOR LACK OF JURISDICTION

        In the underlying lawsuit, appellant sued appellee Shirley Hale Mathis, as Temporary

Guardian of the Estate of Carlos Y. Benavides, Jr., for tortious interference and for money had and

received.  The trial court rendered a summary judgment in favor of Mathis and severed these claims

from appellant's claims against the other appellees.  Therefore, the trial court's February 27, 2013

"Order Granting Traditional and No Evidence Summary Judgment" is final and appealable.

Appellant also sued appellees Carlos Y. Benavides, III; Tomas Benavides; and Ana B. Galo, as Co-Trustees of the Benavides Family Mineral Trust ("the co-trustees") for breach of fiduciary duty. The co-trustees filed a counter-petition for declaratory relief against appellant asking the trial court to declare that "all present and/or participating beneficial interests [in the trust] be and remain the sole and separate property of each respective present and/or participating beneficiary . . . ." The co-trustees filed two motions for summary judgment: one as to appellant's breach of fiduciary duty claim and a second on their request for declaratory relief. The trial court rendered a summary judgment in favor of the co-trustees on appellant's breach of fiduciary duty claim; however, the judgment does not contain severance language. Therefore, the co-trustees counter-petition for declaratory relief and motion for summary judgment on their counter-petition remain pending.

The co-trustees filed a motion to dismiss appellant's appeal of the summary judgment in their favor on the grounds that the judgment is not final because their counter-petition and motion for summary judgment on their counter-petition remain pending. After examining the pleadings and claims raised by the parties below, we agree the summary judgment is not final; therefore, we lack jurisdiction over this portion of appellant's appeal. Accordingly, we GRANT the motion to dismiss appellant's appeal from the trial court's February 11, 2013, "Order on Defendant's No-Evidence and Traditional Motion for Summary Judgment."

Appellant's appeal from the trial court's February 27, 2013 "Order Granting Traditional and No Evidence Summary Judgment" in favor of Mathis is RETAINED on this court's docket.

PER CURIAM